CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2010 OCT 22 AM 11: 39
DEPUTY CLERK NT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. |
| | § | |
| MONTE MELUGIN | § | 3-10CR-297-K |

## PLEA AGREEMENT

Monte Melugin, Mick Mickelsen, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Melugin understands that he has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Melugin waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging violations of 18 U.S.C. §2252A(a)(2), that is Receipt of Child Pornography. Melugin understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

Count One:

a. imprisonment for a period not less than five years and not to exceed 20 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of any term of years or life but not less than five years, and will follow any term of imprisonment. If Melugin violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law,

f. costs of incarceration and supervision, and

g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: Melugin understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Melugin has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Melugin will not be allowed to withdraw his plea if his sentence is higher than expected. Melugin fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Melugin agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Melugin shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Melugin shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**: The government will not bring any additional charges against Melugin based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Melugin or any property.

8. **Forfeiture**: Melugin agrees to forfeit all his right, title, and interest in the following property to the United States of America:

One iMac computer and hard drive, serial number W88373TYZE4, seized from his residence located at 1623 Main Street, Apartment No. 804, Dallas, Texas, 75201.

Melugin waives all right, title, and interest in the above-described property in any federal administrative or judicial forfeiture proceeding, whether criminal or civil. He further agrees the above-described property is subject to forfeiture pursuant to 18 U.S.C.

§ 2254 and agrees to the forfeiture of the above-described property in the administrative forfeiture proceeding, and if he has filed claims to the above-described property in such a proceeding, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described property and the transfer of his interest in them to the government.

Melugin waives any time limits regarding the filing of an administrative forfeiture proceeding concerning the above-described property as provided in 18 U.S.C. § 2254 or any other applicable statute of limitations. He agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. He also agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-described property.

9. **Violation of agreement**: Melugin understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Melugin for all offenses of which it has knowledge. In such event, Melugin waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Melugin also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Melugin waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Melugin, however, reserves the rights (a) to bring a direct appeal of (I) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Melugin has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Melugin has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Melugin has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of plea agreement**: This document is a complete statement of the parties' plea agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 19 day of October, 2010.

JAMES T. JACKS
UNITED STATES ATTORNEY

MONTE MELUGIN
Defendant

CAMILLE E. SPARKS
Assistant United States Attorney
Texas State Bar No. 00790878
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8794
Facsimile: 214.767.2846
Email: Camille.Sparks@usdoj.gov

MICK MICKELSEN
Attorney for Defendant
Texas State Bar No.____________

LINDA GROVES
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

MONTE MELUGIN
Defendant

10-19-10
Date

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

MONTE MELUGIN

10-19-10
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Mick Mickelsen
MICK MICKELSEN
Attorney for Defendant

10-19-10
Date