ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 OCT 22 AM 11: 38

DEPUTY CLERK ____

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. |
| | § | |
| MONTE MELUGIN | § | 3:-10CR-297-K |

## FACTUAL RESUME

Monte Melugin (Melugin), the defendant, Mick Mickelsen, the defendant's attorney, and the United States of America (the government) agree to the law and facts as follows:

### ELEMENTS OF THE OFFENSE

Count One
Receipt of Child Pornography
(Violation of 18 U.S.C. §2252A(a)(2))

In order to prove the offense as alleged in Count One of the Information, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That on or about the date set out in the Information, the defendant knowingly received child pornography as alleged in the Information;

*Second*: That the child pornography had been mailed, or shipped, or transported in interstate or foreign commerce;

*Third*: That such visual depictions were shipped or transported in interstate or foreign commerce by any means, including by computer;

*Fourth*: That the production of such visual depictions involved the use of a minor engaged in sexually explicit conduct;

**Factual Resume - Page 1**

*Fifth:*   That such visual depictions are of minors engaged in sexually explicit conduct; and

*Sixth:*   That the defendant knew that at least one of the performers in such visual depictions was a minor.

## STIPULATED FACTS

On or about, October 15, 2007, in the Dallas Division of the Northern District of Texas, defendant, **Monte Melugin**, knowingly received child pornography that had been mailed, shipped, and transported in interstate commerce by any means, including by computer, by downloading from the internet to his home computer, using peer-to-peer software, visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256, in violation of 18 U.S.C. § 2252A(a)(2).

Specifically, Melugin used the internet and peer-to-peer software and downloaded to his home computer hard drive several movies and still images of child pornography, including the following movie file: "8yo boy wanked by dad as they kiss.1.wmv" which depicts an adult male rubbing the penis of a prepubescent boy.

More specifically, the investigation involving Monte Melugin began in Miami, Florida, where FBI Special Agent Alexis Carpinteri ,while acting in an undercover capacity, queried a peer-to-peer network and observed an individual using the username "SKITTLES16" logged on to the network. It was later determined that SKITTLES16 was in fact Monte Melugin. SA Carpinteri was able to view and download the files Melugin had determined he was willing to share with others on the peer-to-peer network. When

SA Carpinteri browsed Melugin's shared folders, he observed approximately 1,250 image and video files with names indicative of child pornography. SA Carpinteri selected 18 of the 1,250 image and video files of child pornography for download directly from Melugin's computer. All 18 image and video files depicted child pornography.

Based on this information, the Dallas FBI executed a federal search warrant at Melugin's residence at 1623 Main Street, Apartment 804, Dallas, Texas, 75201. Melugin was not at home when the search warrant was executed. FBI SA Karla Brainard went to Melugin's place of work, Match.com, and she asked Melugin if he would be willing to speak with agents. He agreed and the FBI conducted the interview. During the course of the interview he admitted that he had intentionally and knowingly received and transported child pornography using peer-to-peer software. Melugin also admitted he used search terms including, "boy, sucking boys, and jacking boys." He stated that he targeted 12 year old boys, but also viewed and downloaded images of 5-6 year old boys. He also said he was sexually aroused by child pornography.

He confirmed that he had used peer-to-peer or file-sharing programs. He stated that he would first look for a user who had a collection of files which he wanted to browse. If the user had child pornography that he was interested in, he would search the user's files, choose a file, and then download it to his personal iMAC computer. He saved the files in his "shared files" folder or the "user files" folder. He acknowledged that he understood what it meant to share files and that he was purposely sharing child

**Factual Resume - Page 3**

pornography with others on the internet. Specifically, he stated, "you have to give to get." SA Brainard showed Melugin several of the files that SA Carpinteri had downloaded from Melugin, depicting anal intercourse between a prepubescent boy and an adult male. Melugin acknowledged that he recognized the images as coming from the "Aaron" series. He estimated that the boy was approximately 5 years of age. He admitted he had downloaded these images from another peer-to-peer user. Agent Brainard asked Melugin if he thought it was okay for an adult male to have sexual intercourse with a minor boy, Melugin responded that "society has not caught up with something that is natural." [handwritten annotation: "NO it was not ok, but society does not like to acknowledge adults can have a natural attraction to minors. FRM MM"]

His computers and other digital media were seized and sent to the North Texas Regional Computer Forensic Laboratory (NTRCFL) for analysis. NTRCFL located images and videos of child pornography on Melugin's iMac computer and hard drive, serial number W88373TYZE4. Further examination of the computer hard drive revealed that the video named in the Information for which Melugin is pleading guilty, "8yo boy wanked by dad as they kiss.1.wmv" was downloaded through the internet using peer-to-peer software on or about October 15, 2007. Agent Karla Brainard would testify that she identified over 600 images and videos of child pornography on Melugin's computer.

Melugin knew that the images and videos depicted minors engaged in sexually explicit conduct, and the production of those images involved real minors, including the video alleged in Count One of the Information for which he is pleading guilty, and that

Factual Resume - Page 4

this same video was shipped and transported using the internet, a facility and means of interstate commerce. Melugin also agrees that the computer media seized was manufactured outside the State of Texas. Melugin admits that he knowingly transported images and videos in the expectation of something of value, in this case, additional child pornography.

Melugin also agrees that he received and possessed images and videos that included bondage and other sadistic acts involving minors.

[remainder of page left intentionally blank]

He also admits that most of his collection of child pornography videos and images were of prepubescent minors.

AGREED TO AND SIGNED this __10__ day of __October__, 2010.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
MONTE MELUGIN
Defendant

_____
MICK MICKELSEN
Attorney at Law
Texas Bar No. 14011020

_____
CAMILLE E. SPARKS
Assistant United States Attorney
Texas State Bar No. 00790878
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8794
Facsimile: 214.767.2846
Email: Camille.Sparks@usdoj.gov