UNITED STATES DISTRICT COURT
for the
Northern District of Texas, Dallas Division

United States of America )
v. )
) Case No. 3:10-CR-297-K
MONTE MELUGIN )
*Defendant* )

*U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF TEXAS*
**FILED**
NOV - 9 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* ___16th floor, 1100 COMMERCE STREET___
*Place*

___DALLAS, TEXAS___ on ___AS DIRECTED___
*Date and Time*

for sentencing before the Honorable Ed Kinkeade

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(   ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

# ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:
　　Person or organization _____
　　Address *(only if above is an organization)* _____
　　City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and © to notify the court immediately if the defendant violates any condition of release or disappears.

　　　　　　　　　　　　　　　　Signed: _____　　　_____
　　　　　　　　　　　　　　　　　　　　　　Custodian or Proxy　　　　　　　　　　Date

(✓) (8) The defendant must:
　(✓) (a) report to the SUPERVISING OFFICER,
　　　　telephone number 214/753-2500, no later than _____.
　( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
　　　　_____
　( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
　　　　_____
　( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
　(✓) (e) maintain or actively seek employment.
　( ) (f) maintain or commence an education program.
　( ) (g) surrender any passport to: _____
　( ) (h) obtain no passport.
　(✓) (I) abide by the following restrictions on personal association, place of abode, or travel: TRAVEL RESTRICTED TO STATE OF TEXAS
　(✓) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Minors under the age of 18.
　(✓) (k) undergo medical or psychiatric treatment: which may include sex offender specific treatment, and which shall be paid for by the defendant as determined by the U. S. Probation Office.
　( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
　( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
　(✓) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
　( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
　(✓) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
　( ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
　( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
　( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
　　　(✓) (I) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or (✓) as directed by the pretrial services office or supervising officer; or
　　　( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
　　　( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
　(✓) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
　　　(✓) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
　　　( ) (I) Location monitoring technology as directed by the pretrial services office or supervising officer;
　　　( ) (ii) Radio Frequency (RF) monitoring;
　　　( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
　　　( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
　　　( ) (v) Voice Recognition monitoring.
　( ) (u) _____
　( ) (v) The defendant shall not participate in any capacity in any criminal activity, associate with any person engaged in criminal activity, or enter into, or perform under, any agreement to act as an informer for, or special agent of, any governmental agency without the permission of the Court.
　(✓) (w) Only use a computer (for work purposes) which is authorized by the U. S. Probation Office. Do not use software which is designated to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer or a computer used by him.

**Additional Terms of Supervision...**

7. The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring
Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officers conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems that allow for the evaluation of computer use.
The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software may be removed at any time during the term of supervision at the discretion of the probation officer.

8. The defendant shall submit to periodic unannounced examination of his/her computer(s), storage media, and/or other electronic or Internet-capable devices performed by the probation officer at a reasonable time and
in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such systems for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendants Internet service provider.

9. The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

10. The defendant shall not use any software program or device designed to hide, alter or delete records and/or logs of the defendants computer use, Internet activities, or files stored on the defendants computer.

11. The defendant shall not maintain or create a user account on any social networking site (i.e.MySpace.com, Facebook.com, AdultFriendFinder.com, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile of users under the age of 18.

12. The defendant shall not use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo), or devices, without prior permission from the probation officer.

13. The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

14. The defendant shall not access any service or use any software that allows for direct peer-to-peer contact that may include chat rooms, file sharing or other similar activity, without permission from the probation officer.

15. The defendant shall not use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to, PDAs, electronic games, and cellular/digital telephones.

16. The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file

17. The defendant shall neither possess nor have under his/her control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.
18. No unsupervised contact with anyone under the age of 18.

19. Participate in mental health treatment which may include medication and inpatient treatment, at the direction of U.S. Probation and Pretrial Services.
.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:   November 9, 2010                                              _____
*Judicial Officer's Signature*

                                                                        PAUL D. STICKNEY, UNITED STATES MAGISTRATE JUDGE
                                                                                    *Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL