UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

# Petition for Person Under Supervision

Name of Offender: Monte Melugin                         Case No.: 3:10-CR-00297(1)

Name of Sentencing Judge: U.S. District Judge Ed Kinkeade

Date of Original Sentence: March 30, 2011

Original Offense: Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2), a Class C felony

Original Sentence: 144 months custody, Life term of supervised release

Revocations: None

Type of Supervision: Supervised Release       Date Supervision Commenced: July 16, 2021

Assistant U.S. Attorney: Camille Elizabeth Sparks   Defense Attorney: Mick Mickelsen
                                                                     (Court appointed)

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

**Previous Court Notifications**

On February 4, 2022, the Court was notified by a *Report on Person Under Supervision - No Court Action Recommended* regarding Mr. Melugin's noncompliance and requested no court action be taken. On February 9, 2022, the Court agreed no action be taken.

On February 16, 2022, a Request for Modifying the *Conditions of Supervision With Consent of the Person Under Supervision* was submitted to the Court requesting the addition of several computer and internet related conditions. On February 17, 2022, the Court agreed to add the conditions to Mr. Melugin's supervised release.

I.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Special Condition**

The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

### Violation of Special Condition

The defendant shall not have access to a computer, cellular device, or any electronic equipment that allows access to the internet, without the express permission of the Court.

### Violation of Special Condition

The defendant shall not have access to the internet, without the express permission of the Court.

### Nature of Noncompliance

Monte Melugin admitted to viewing images of minor boys with exposed genitals on multiple occasions from March 2021 through November 2021. Additionally, Mr. Melugin admitted to visiting sex shops on 5 or 6 occasions, with the last visit in January 2022.

## II.

### Violation of Special Condition

The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Monte Melugin violated this condition of supervision as evidenced by his unsuccessful discharge from treatment at ACT Counseling on March 2, 2022.

### Personal History

On July 16, 2021, Monte Melugin began his term of supervised release in the Northern District of Texas, Dallas Division. The Court was previously notified by a *Report on Person Under Supervision - No Court Action Recommended* that Mr. Melugin possessing an iPod device and used it to access the internet on multiple occasions between March 2021 and November 2021 to view sexually oriented and stimulating material of adults and children. This material included images of minor boys in which their genitals were visible. Since the date of that report, Mr. Melugin has further violated his conditions of supervised release.

According to his sex offender counselor, Ms. Janelle Bruner, ACT Counseling, Mr. Melugin was allowed to continue treatment after his previous violations until it could be determined if he could make progress. On February 25, 2022, Mr. Melugin failed a polygraph for the second time, when his response indicated deception when he answered no to the question "Since mid-November 2021, have you viewed any child pornographic materials?" Ms. Bruner advised as a result of this polygraph, Mr. Melugin's continued behavior identical to his federal offense, and per ACT Counseling's duty to keep the community safe, Mr. Melugin was unsuccessfully discharged from sex offender treatment on March 2, 2022.

On March 2, 2022, this officer spoke with Mr. Melugin regarding the polygraph and Mr. Melugin denied viewing child pornographic materials since November 2021. He advised he is unsure why his answer to that question was marked as deceptive. Mr. Melugin maintains he only used the iPod device to access pictures of adults and children from March 2021 until November 2021, when he gave the device to a friend.

At this time, the U.S. Probation Office respectfully requests a warrant be issued.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None |
| **Restitution:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | B | USSG § 7B1.1(a)(2) and 7B1.3(a)(1) & (c)(1), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 4-10 months | USSG §7B1.4(a), p.s. |
| **Restitution:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2022
Respectfully submitted,

Approved,

s/Allison Audd
U.S. Probation Officer
Dallas
Phone:  214-753-2481
Fax:  214-753-2570

s/Deanna Spokes
Supervising U.S. Probation Officer
Phone:  214-753-2561

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional:

☐ File under seal until further order of the Court.

*Ed Kinkeade*
The Honorable Ed Kinkeade
U.S. District Judge

March 18, 2022
Date