**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:13-CR-251-B** |
| | § | |
| **MONTE MELUGIN** | § | |

# ORDER

On this day, a detention and preliminary hearing was held pursuant to the allegations in the *Petition for Person Under Supervision*, Doc. 36, and the Government's *Motion for Detention*, Doc. 38. Defendant Monte Melugin appeared in person and through counsel, Camille Knight, and announced ready to proceed. The Government appeared by and through Assistant United States Attorney Gary Tromblay, who likewise announced ready.

Upon review of the evidence and argument presented, and for the reasons stated on the record at the hearing, the Court finds probable cause to believe that Defendant violated his conditions of supervised release as alleged in the *Petition for Person Under Supervision*, Doc. 36. The Court further finds that Defendant failed to carry his burden to establish by clear and convincing evidence that he will not pose a danger to the community or another person if released pending the revocation hearing. *See* FED. R. CRIM. P. 32.1(a)(6) ("The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]").

In reaching this decision, the Court has given significant weight to Defendant's admission to the probation officer that his repeated violations of the conditions alleged in the Petition began while he was in a halfway house and thus still serving his custody sentence, and

that the violations have continued despite the court-sanctioned attempts to ameliorate the same. *See* Docs. 34 & 35. Moreover, the nature of the violations are, in and of themselves, indicative of the danger posed to persons in the community, and no condition or combination of conditions of release not already imposed as a condition of supervised release, due to the serious nature of the offense of conviction in this case, is sufficient to alleviate that risk.

Accordingly, the Government's *Motion for Detention*, Doc. 38, is **GRANTED**.

It is **ORDERED** that Defendant is committed to the custody of the Attorney General and the United States Marshal.

It is **ORDERED** that while in the custody of the Attorney General and the United States Marshal, Defendant be confined in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal.

It is **ORDERED** that Defendant, while being so held, be afforded a reasonable opportunity for private consultation with counsel.

It is **ORDERED** that, on an order of a court of the United States, or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for appearances relating to court proceedings in the Northern District of Texas.

**SIGNED** March 28, 2022.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE